HENRY N. CROW, AS ASSIGNEE, &c. Respondents, *against* HENRY COLTON, Appellant.

(Decided February 5th, 1877.)

A cause of action accruing to an assignor for services rendered by him after the date of a general assignment for the benefit of creditors, but before the delivery of the assignment, does not pass to the assignee.

APPEAL by the defendant from a judgment of this court entered upon a verdict in favor of the plaintiff.

This action was brought by Henry M. Crow, as assignee of Ellis N. Crow, an insolvent debtor, to recover the price of certain services rendered in the month of April, 1876, by Ellis N. Crow to the defendant Colton. It was proven upon the trial that a general assignment for the benefit of creditors, dated and acknowledged on the 25th day of February, 1876, was delivered by the assignor to the assignee on the 13th day of May, 1876.

*H. F. Pultz*, for appellant.

*William A. Coursen*, for respondent.

VAN HOESEN, J.—The plaintiff is the assignee of Ellis N. Crow. The assignment bears date, and was acknowl-

Crow v. Colton.

edged on the 25th day of February, 1876.  It was not actually delivered to the plaintiff till the 13th day of May, 1876.  In the month of April, 1876, subsequently to the signing and acknowledging, but prior to the delivery of the assignment, Ellis N. Crow did some carting for the defendant, and the plaintiff brings this action as assignee to recover the price of the carting.

It is objected by the defendant that the plaintiff has no interest in the cause of action because it accrued to the assignor, Ellis N. Crow, after the making of the assignment, and consequently was not embraced in his estate at the date of the assignment.  To this objection the plaintiff answers that the assignment took effect from its delivery, and as it was not delivered until May, it transferred to the assignee all the property and rights of action acquired by the assignor in April.  In this I think the plaintiff is in error.  No matter what may be the day of the delivery of the assignment, only that property passes to the assignee which the assignor owned at the date of the assignment.  Subdivision 6 of section 2, chap. 348, Laws of 1860, provides that the inventory shall contain a list of " all such debtor's estate at the date of such assignment."  The question as to when a conveyance shall take effect, is altogether different from the question as to what property is transferred by the conveyance.  In this case, when, in May, the assignment took effect, it conveyed to the plaintiff the estate, real and personal, owned by Ellis N. Crow on the 25th of February.  The plaintiff had no interest in the claim against the defendant, which was for work done in the following April.  The judgment is therefore erroneous.

VAN BRUNT, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.